## MINER & HILL *vs*. AVERY D. PIKE'S ESTATE.

October Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

Opinion filed February 3, 1899.

*Evidence*.—Without deciding whether payment of all book charges for one year would, standing alone, be evidence tending to show that all previous charges had been paid, it is *held*, that such payment in the circumstances of the present case was properly treated as evidence of that fact.

APPEAL FROM PROBATE. Declaration in general assumpsit. Trial by court, at the June term, 1898, Caledonia county, *Munson*, J., presiding. Upon the facts found by the court judgment was rendered for the plaintiff for $22.45, with interest, to which the plaintiff excepted.

*Dunnett & Slack* for the plaintiffs, cited, *Sennett* v. *Johnson*, 9 Pa. 335; *Bougher* v. *Kimball*, 30 Mo. 193; *Mechanics Bank* v. *Wright*, 53 Mo. 155.

*Farnham & Porter* for the defendant, cited *Mathews* v. *Light*, 40 Me. 397; *Brewer* v. *Knapp*, 1 Pick. 332; *Decker* v. *Livingston*, 15 Johns. 479; *Hodgdon* v. *Wight*, 36 Me. 326; *Attleborough* v. *Middleborough*, 10 Pick. 378; 1 Green. Ev. § 38.

THOMPSON, J. The plaintiffs claimed to recover certain items of account for materials and labor furnished the deceased from November 18, 1887, to August 14, 1896. These items, aggregating over one hundred in number, are charged on plaintiffs' books, which were kept in journal form. In some instances the items of charge are marked "paid" on the margin of the book, and those not so marked, ordinarily have a mark indicating posting. Four items which accrued in 1892 and which were paid June 7,

1892, are not marked "paid," but are marked as posted. Two other items which accrued in May, 1894, and were paid the same month, which are not included in plaintiffs' specifications, are not marked "paid," nor with usual indication of posting. The plaintiffs rendered the deceased a bill covering the charges for 1895, which consisted of twelve items of charge and two of credit, and on which they acknowledged receipt of payment under date of February 29, 1898. In their books covering the transactions of 1896, appears in regular order with the usual marks of posting, the following entry: "Mon., Mar. 2, 1896. A. D. Pike, Cr. By cash to bal. his account for the year 1895." No amount is carried out. The last preceding date is February 25, and the first succeeding one is March 5. The payment was in fact made. The plaintiffs conceded that the amount shown by the specifications to be due prior to 1895, should be reduced by twelve dollars, the amount of taxes paid for the plaintiffs by deceased, and the specifications for 1892, by the amount of the four items which were paid as before stated, and for which the deceased held their receipt. It appeared that before the commissioners on the estate of the deceased, the plaintiffs presented for allowance charges not embraced in their specifications in county court, and that receipts were produced covering such charges, which they conceded to be correct. In explanation of this, one of the plaintiffs testified that they presented their bill as they did before the commissioners, supposing that the deceased had kept an account of his payments and that the same would be presented in offset. The specifications in the county court contain no items for 1895.

The plaintiffs excepted to the ruling of the court below, that the payment of the bill for 1895, as shown by the receipt and entry, when taken in connection with the facts stated and the character of the accounts as shown by the specifications, tended to prove payment of the charges prior to 1895.

The payment of the entire charges for 1895, taken in connection with the facts and circumstances stated, tended to prove the payment of the accounts prior to that year, and this exception cannot prevail.

It is not necessary to decide whether the payment of the charges for 1895, standing alone, would raise a presumption of payment of all the charges prior to that time.

*Judgment affirmed and to be certified to probate court.*